UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-10-177 |
| | § | |
| YVONNE O. VILLARREAL | § | |

## ORDER

Pending before the Court is Plaintiff United States of America's Motion for Default Judgment. (D.E. 8.) Plaintiff contends that Defendant Yvonne O. Villareal has been duly summoned in the manner and for the length of time prescribed by law, and that she has failed to answer, warranting a default judgment. See Fed. R. Civ. P. 55. However, Plaintiff has failed to serve the Defendant as directed by the Court in its July 7, 2010 Order for Substituted Service. (D.E. 4.) Following Plaintiff's Motion for Substituted Service, (D.E. 3), the Court ordered that service would be made on Defendant Villarreal by (a) securely posting the Summons and Complaint on the front door of Villarreal's usual place of abode at 1406 Cambridge Drive, Corpus Christi, Nueces County, Texas 78415, or by leaving it with someone 21 years of age or older, **and** (b) by sending it regular mail to the debtor. (D.E. 4.) Plaintiff's Return of Service form indicates that the process server "POSTED by attaching a true copy of the Summons and Complaint and Order for Substitute Service … to a conspicuous entryway place … at [the 1406 Cambridge Drive address.]" (D.E. 5 at 3.) However, Plaintiff has not proven that the Summons and Complaint were sent by regular mail to the debtor, as additionally required by the Court's order. (D.E. 4.)[1]

---

[1] Plaintiff's contention that it has complied with the Texas Rule for substituted service is inaccurate. Texas Rule 106 states, in relevant part:

Absent proper service of process, the court lacks personal jurisdiction over the Defendant, and any default judgment against the Defendant would be void. See <u>Rogers v. Hartford Life and Accident Ins. Co.</u>, 167 F.3d 933, 940 (5th Cir.1999) (citing Fed.R.Civ.P. 60(b)(4)); <u>see</u> <u>also</u> <u>Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) (valid service of process is a prerequisite to a court's exercise of personal jurisdiction over defendants). Accordingly, Plaintiff's Motion for Default Judgment (D.E. 8) is DENIED.

SIGNED and ORDERED this 4th day of April, 2011.

_____
Janis Graham Jack
United States District Judge

---

Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) **in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.**

Tex. Rule. Civ. P. 106(b) (emphasis added).